December 7, 1992

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE ESTATE OF:       )
                       )
SANTIAGO C. TUDELA,     )
                       )
        Deceased.      )
_____)

APPEAL NOS. 92-010 & 92-011
CIVIL ACTION NO. 86-834P

ORDER DENYING MOTION TO DISMISS

Appellee, Loriebell Tudela ("Loriebell"), has moved to dismiss this appeal on two grounds: (1) appellants have no standing to bring this matter up on appeal, and (2) appellants failed to appeal the order of the trial court entered on July 13, 1988, which determined Loriebell to be the sole heir of Santiago C. Tudela ("Order"), within 30 days as required by the Rules of Appellate Procedure of the Appellate Division of the District Court, which had jurisdiction over appeals in 1988. Therefore, Loriebell argues, the appellate court lost appellate jurisdiction. We will examine each of Loriebell's arguments.

1. **Appellants' Standing**

Loriebell argues that the trial court's Order effectively rendered the appellants strangers to the estate and, therefore, they have no standing to file their appeal. With respect to

317

appellants Francisco Pangelinan and Connie Pangelinan (Francisco and Connie), Loriebell argues that since they failed to timely file any claim against the estate, and since the trial court has found that their late claims have been time-barred, they too have no standing to appeal.

Appellants counter that they do have standing because, should it be determined that Loriebell is not the sole heir of the decedent, they, as presumptive heirs of the decedent, will have a legal interest in the estate from which they derive their standing. Francisco and Connie claim interests in lands which are part of the estate and which they claim were purchased by the decedent for them.

We agree with appellants that they may have pecuniary and property interest that will be affected by the outcome of this case.[1] Therefore, they have standing.

## 2. Appellate Jurisdiction

Loriebell argues that under 8 CMC § 2206,[2] appellants should have appealed the Order within 30 days of the date of its entry.

---

[1] See Borja v. Rangamar, No. 89-009 (N.M.I. Sept. 17, 1990).

[2] 8 CMC § 2206. Appealable Orders.

An appeal may be taken from an order granting or revoking letters testamentary or of administration; admitting a will to probate or revoking the probate of a will; setting aside an estate claimed not to exceed $1,500 in value; setting apart property as a homestead or claimed to be exempt from execution; confirming a report of an appraiser or appraisers in setting apart a homestead; granting or modifying a family allowance; directing or authorizing the sale or conveyance or confirming the sale of property; settling an account of an executor or administrator or trustee, or instructing or appointing a trustee; directing or allowing the payment of a debt, claim, legacy, or attorney's fee; determining heirship or the persons to whom distribution should be made or trust property should pass; distributing property; refusing to make any order mentioned in this section; or fixing an inheritance tax or determining that none is due.

She contends that appellants' failure to appeal within that 30-day period renders the Order non-appealable and denies this Court jurisdiction over the appeal.

In examining Loriebell's argument, we first must determine whether 8 CMC § 2206 requires that an appeal be made within 30 days after an appealable order is issued, or whether a party may wait until the final determination of the probate case to appeal. That is, whether an appeal pursuant to 8 CMC § 2206 is permissive or mandatory. If the statute is mandatory, then this appeal must be dismissed. If, however, the statute is permissive in scope, then appellants would have timely brought their appeal and we would have jurisdiction to hear the appeal.

We have previously allowed parties in probate proceedings to appeal certain orders determining heirship immediately after such orders are issued and prior to the issuance of the final decree or the closing of the estate. In the Estate of Aldan, No. 90-045 (N.M.I. Oct. 3, 1991), the appeal was brought before closing of the estate. In the Estate of Rofag, No. 89-019 (N.M.I. Feb. 22, 1991), the appeal was also brought immediately after determination of heirship, but prior to the closing of the estate.

On the other hand, in the Estate of Guerrero, No. 91-014 (N.M.I. Sept. 21, 1992), the appellant (the administratrix) appealed the determination of heirship years later, at the conclusion of the probate case. We allowed the appeal even though more than 30 days had elapsed since the issuance of the order determining heirship.

The decision of whether an order, which is appealable pursuant to 8 CMC § 2206, should be appealed immediately, or after entry of the final decree of distribution (provided proper objections are made), is one properly left to the discretion of the parties. A party's decision of when to bring its appeal will necessarily depend upon a variety of factors, including the nature of the order; the nature of the dispute; the relationship between the parties; the effect that the order might have upon other issues to be addressed in the probate case; the financial and other burdens that the appeal may place on the parties; considerations of judicial economy; and other factors.

A party who has agreed to an appealable order (or tacitly agreed by raising no objection to the order) would have no basis to appeal the order within 30 days nor at the close of the probate case. However, an order relating to an issue which is disputed or objected to by the aggrieved party or parties puts the parties on notice that the disputed issue may likely be the subject of an appeal. So long as a party did not agree to, but rather timely contested an order in the proceedings below, the party has properly preserved its right to appeal the order and may decide if and when to bring its appeal therefrom.

We interpret the language of 8 CMC § 2206 to be permissive, not mandatory. A party who has contested an appealable order may appeal either within 30 days of the issuance of the order, or within 30 days after the conclusion of the probate case, as appellants did. Here, the appellants did not agree but contested

320

the order of July 13, 1988.

Appellants have standing to appeal and timely filed their appeal. The appellee's motion to dismiss is hereby **DENIED**.

Dated this 7th day of December, 1992.

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
LARRY L. HILLBLOM, Special Judge

_____
TIMOTHY H. BELLAS, Special Judge